**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | | |
|---|---|---|
| DIANE B. SOLLOD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.  1:17cv1011 |
| | : | |
| THE HOME DEPOT USA INC., | : | |
| | : | |
| Defendant. | : | |

## CONSENT PROTECTIVE ORDER

THIS MATTER comes before the court on the request for entry of a Protective Order by Defendants Home Depot of U.S.A., Inc. in order to prevent competitive harm to the Defendant arising from compliance with its duties in this case, and to protect the Defendant's corporate privacy.

WHEREAS the discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information.

AND IT APPEARING TO THE COURT that this Protective Order ("the Order") shall govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

**Designation of Confidential Information**

1. *Designation of Material.* Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2. *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may, within a reasonable time thereafter, be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during

the deposition, or within thirty (30) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

    4.    *Modification of Designation.* The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

    (a)    The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

    (b)    If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

### Access to Confidential Information

    5.    *General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

    (a)    To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

(b) To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and have signed a letter in the form of Exhibit A attached hereto.

(c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

(d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6. *No Copies/Notes.*  Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7. *Disputes over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

**Use of Confidential Information**

8.     *Use in this Litigation Only.*  Confidential Information may be used only for purposes of this litigation.  Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9.     *Use at Depositions.*  If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

10.    *Use at Court Hearings and Trial.*  Subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party.  Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

11.    *Reasonable Precautions.*  Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

12. *Return After Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information.

## Other Provisions

13. *Not an Admission.* Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

14. *Miscellaneous.* This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

ENTERED this _____ day of _____, 2017

_____
Judge

The undersigned counsel of record for the parties indicated below hereby stipulate and agree to the foregoing Agreed Protective Order.

I ASK FOR THIS:

_____/s/_____
Brian A. Cafritz, VSB# 34366
Jessica G. Relyea, VSB# 76775
Chris Bergin, VSB#87315
*Counsel for Home Depot U.S.A., Inc.*
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com
Jessica.Relyea@kpmlaw.com
Chris.Bergin@kpmlaw.com


SEEN AND AGREED:


\_\_\_\_\_/s/_____
Jonathan B. Breeding, Esq.
*Counsel for Plaintiff*
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd., Suite 600
Falls Church, VA 22042
(703) 538-1138
(703) 538-2774
jbreeding@chasenboscolo.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| DIANE B. SOLLOD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.  1:17cv1011 |
| | : | |
| THE HOME DEPOT USA INC., | : | |
| | : | |
| Defendant. | : | |

## APPENDIX A
## AGREEMENT PURSUANT TO AGREED PROTECTIVE ORDER

My name is _____ and my address is _____.  I hereby acknowledge that I have received and read a copy of the Agreed Protective Order Governing Confidential Material and Information entered by the Court in the above-captioned matter on _____, 2015.  I understand the terms of the Court's Order and consent to being provided access to the Confidential Documents and Confidential Discovery Material furnished to me by _____.  Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Court's Protective Order.  I will not disclose the confidential information provided to me to any person who is not authorized to receive, disclose or use the confidential information pursuant to the Protective Order, and I will not retain photocopies or otherwise retain duplicates of any of the confidential information, nor will I disclose or use the confidential information contained therein, for any purpose other than this litigation.

I further acknowledge that I will not discuss such confidential information with any person other than those persons who are authorized by the Agreed Protective Order to have access to the confidential information.

I recognize that any breach of this Agreement or use of the confidential information contrary to the provisions of the Agreed Protective Order shall subject me to sanctions for contempt and/or subject me to civil liability. All civil remedies for breach of this Agreement are specifically reserved by the parties and their employees, individually, and are not waived by the disclosure provided for herein.  Further, in the event of breach of this Agreement, I recognize that either or both parties or their employees, individually or jointly, may pursue all civil remedies available as a third party beneficiary of this Agreement.  I further agree that upon conclusion of this case, I will return all confidential information to _____, who is the attorney from whom I received the information.  I further agree that, to the extent that I am acting as an employee or agent of an employer, I am authorized to bind my employer to this agreement and have done so by signing below and writing the "Firm Name" of my employer in the space provided.

_____
Signature
_____
Name (please print)
_____
Firm/Company Name (please print)
_____
Address
_____
City, State Zip Code
_____
Area Code and Telephone Number
_____
Date