## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

DIANE B. SOLLOD,     :
            :
   Plaintiff,     :
            :
v.             :   Civil Action No.  1:17cv1011
            :
THE HOME DEPOT U.S.A. INC.,   :
            :
   Defendant.     :

### HOME DEPOT'S BRIEF IN SUPPORT OF
### ITS MOTION FOR SUMMARY JUDGEMENT

COMES NOW, the Defendant, HOME DEPOT, U.S.A. INC., ("Home Depot") by counsel and in support of its Rule 56(a) Motion for Summary Judgment states the following:

### GENERAL OVERVIEW

Plaintiff has filed a Complaint for negligence against Home Depot, alleging that she slipped and fell on "a defect in the surface of the parking area" at Home Depot's store. Compl. ¶ 10 (Dkt. 1-1).

Home Depot is entitled to summary judgement dismissing the Plaintiff's Complaint because the Plaintiff cannot make out a *prima facie* cause of action for negligence under a premises liability theory. Specifically, the Plaintiff cannot offer any evidence to prove either: (I) the existence of a dangerous condition in Home Depot's parking lot, (II) that her fall was proximately caused by a dangerous condition in Home Depot's parking lot, or (III) that Home Depot had actual or constructive notice of any dangerous condition in its parking lot. Accordingly, judgment should be entered in favor of Home Depot.

1

## MATERIAL FACTS NOT IN DISPUTE

1.      This action arises out of an incident that allegedly occurred on July 17, 2015. Compl. ¶¶ 4, 10 (Dkt. 1-1). Specifically, the Plaintiff alleges that she slipped and fell on "a defect in the surface of the parking area." Compl. ¶¶ 10 (Dkt. 1-1).

2.      The Plaintiff is an 87-year-old woman, with a pre-accident history of macular degeneration, balance issues, and lower extremity weakness. See Report of Dr. Ward, pg. 4, attached hereto as **Exhibit A**. At the time of the accident, the Plaintiff used a walker to move around. See Diane Sollod Dep. 19:12–18, 22:17–24:22 (January 3, 2018) attached hereto as **Exhibit B.**

3.      On or about July 17, 2015, the Plaintiff decided to take a trip to Home Depot to purchase two fans. Sollod Dep. 22:17–24:7 (Exh. B). The Plaintiff called Fairfax Adult Services ("FAS"), an organization which provides assistance to senior citizens. See Sollod Dep. 23:1–24:11 (Exh. B). An unknown FAS caregiver agreed to drive the Plaintiff to Home Depot on July 17, 2015. Sollod Dep. 23:1–24:11 (Exh. B).

4.      On July 17, 2015, the FAS caregiver drove the Plaintiff to the Home Depot store located at 6555 Little River Turnpike, Alexandria, VA 22312. Compl. ¶ 4 (Dkt. 1-1); Sollod Dep. 23:1–24:11, 35:7–16 (Exh. B).

5.      At approximately 11:40 AM, the FAS caregiver parked her vehicle in a handicapped parking space in front of the store. Sollod Dep. 24:9–14, 35:7–16 (Exh. B).

6.      After parking, the FAS caregiver exited her vehicle and walked toward the trunk to retrieve the Plaintiff's walker. Sollod Dep. 24:9–14 (Exh. B). After the caregiver retrieved the walker, she walked to the passenger side of the car where the Plaintiff was still sitting. Sollod Dep. 24:15–22 (Exh. B).

7.      The Plaintiff exited the vehicle and stood up. Sollod Dep. 37:24–38:5 (Exh. B).

She placed both of her hands on the walker. Sollod Dep. 38:6–8. (Exh. B).

8.      After Plaintiff was standing with both hands on the walker, the FAS caregiver

went to retrieve both women's purses from the backseat of the car.  Sollod Dep. 38:1–9 (Exh. B).

9.      During this time, Plaintiff moved approximately one foot to her right, and fell.

Sollod Dep. 38:13–39:20 (Exh. B). The Plaintiff cannot remember if she fell while she was

moving, or if she had stopped moving and then fell. Sollod Dep. 39:17–20. (Exh. B).

10.     The Plaintiff did not see what, if anything, caused her to fall. Sollod Dep. 39:21–

40:13. (Exh. B).

11.     The Plaintiff did not look at the ground after she fell. Sollod Dep. 40:19–41:18

(Exh. B).

12.     The unknown caregiver and two other unknown individuals helped the Plaintiff

up. See Sollod Dep. 25:2–11 (Exh. B). After she got up, the Plaintiff entered the Home Depot

store and began shopping for two fans. Sollod Dep. 26:2–11 (Exh. B).

13.     As the Plaintiff was at the checkout counter making her purchase, she decided to

report her fall to Home Depot. Sollod Dep. 30:6–23 (Exh. B). The Plaintiff reported the fall to

Home Depot's Assistant Store Manager, Sonja Jones.  Sonja Jones Dep. 28:5–29:10 (January 5,

2017) attached hereto as **Exhibit C.**

14.     Although the Plaintiff had not seen what had caused her fall, she reported that she

had fallen on "uneven pavement." See Customer Incident Report, attached hereto as **Exhibit D**;

Sollod Dep. 39:21–40:13, 41:13–42:1 (Exh. B).

15.     After completing an incident report, the Plaintiff returned to the FAS caregiver's

vehicle. Sollod Dep. 30:6–23 (Exh. B). She cannot remember if she looked at the ground around

the area where she had fallen when she returned to the vehicle.  Sollod Dep. 41:1–42:12 (Exh. C).

16.     Approximately fifteen minutes after the Plaintiff had left the Home Depot store, Home Depot assistant store manager, Sonja Jones, instructed a Home Depot employee to inspect the handicapped spaces in the Home Depot parking lot for any uneven pavement, tripping hazards, or any other dangerous conditions. See Jones Dep. 49:8–50:14 (Exh. C). The Home Depot employee did not find any hazardous conditions. See Jones Dep. 49:8–50:14 (Exh. C).

17.     Within one hour after the Plaintiff left the Home Depot store, Sonja Jones personally inspected all of the handicapped parking spaces for any hazardous conditions. Jones Dep. 47:24–49:18 (Exh. C). Ms. Jones did not find any uneven pavement, tripping hazards, or any other dangerous conditions. Jones Dep. 47:24–49:18 (Exh. C)

18.     Every morning, Home Depot employees perform a thorough inspection of Home Depot's parking lot to identify trash, debris, tripping hazards, uneven surfaces, and any other potentially hazardous conditions. Jones Dep. 46:21–47:17 (Exh. C). These daily inspections are recorded in Home Depot's daily checklist. Jones Dep. 47:14–17 (Exh. C).

19.     The Home Depot daily checklist for July 17, 2015 was completed at 10:16 AM— approximately an hour and a half before the Plaintiff arrived at the Home Depot parking lot. Sollod Dep. 35:7–16 (Exh. B); see Jones Dep. 35:3–37:25 (Exh. C) According to the daily checklist, Home Depot employees did not find any tripping hazards, uneven surfaces, or any other hazardous conditions on the morning of the Plaintiff's accident. Jones Dep. 35:1–37:25 (Exh. C).

20.     Prior to the accident, Home Depot was not aware of any defects in the area of the Home Depot parking lot where the Plaintiff fell. Jones Dep. 17:15–18:1, 35:1–37:25, 46:21–17 (Exh. C).

21.     Two or three days after the accident, the Plaintiff returned to the Home Depot parking lot to inspect the area where she had fallen. Sollod Dep. 42:14–43:7 (Exh. B).

22.     Plaintiff cannot recall specifically where she fell in the Home Depot parking lot. Sollod Dep. 45:6–47:2 (Exh. B).

23.     Home Depot's closed circuit TV monitoring system collected footage which shows the FAS caregiver's car in the Home Depot parking lot, as well as the FAS caregiver and Plaintiff walking towards the store.  The CCTV does not show Plaintiff fall as the passenger side of the FAS caregiver's car was not visible. See photographs of the area around where the Plaintiff fell, taken on October 20, 2017 are attached hereto as **Exhibit E**.[1] An additional photograph of the area where the Plaintiff fell which were taken by Plaintiff's counsel a few days after the accident is attached hereto as **Exhibit F**.

24.     Plaintiff is not sure whether her fall was caused by uneven pavement, a defect in the parking lot, or something else entirely. See Sollod Dep. 47:7–15 (Exh. B).

25.     Plaintiff is unable to identify any specific hazardous condition which caused her fall. See Sollod Dep. 47:7–15 (Exh. B).

26.     Plaintiff believes that her fall was likely caused by some problem with one of the wheels on her walker because "there was nothing else there [in the area of the Home Depot parking lot where she fell]." See Sollod Dep. 47:7–15 (Exh. B).

---

[1] In her discovery responses, Plaintiff provided several photographs of the incorrect handicapped parking space where she allegedly fell. Since reviewing the CCTV footage, both parties now agree that the Plaintiff parked in the first handicapped parking space next to the parking lot island as shown in the attached photographs. (Exhs. E, F).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 allows a party to move for summary judgement if he can demonstrate: (1) there is no genuine issue of material fact, and (2) that he is entitled to summary judgement as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The movant has the initial burden of demonstrating that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has met this threshold demonstration, the non-movant, "**may not rest on the allegations averred in his pleadings**; rather he must demonstrate that specific, material facts exist which give rise to a genuine issue." Nesbitt v. Cribb, 2010 U.S. Dist. LEXIS 43921 at 13 (D.S.C. 2010) (emphasis added) (citing Catrett, 477 U.S. at 324 (explaining that Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories and admissions on file to designate specific facts showing that there is a genuine issue for trial.")).

**ARGUMENT**

I. **Plaintiff cannot establish a *prima facie* case of negligence because there is no evidence that the Plaintiff's fall was caused by a hazardous condition in Home Depot's parking lot.**

In Virginia, a store owner owes its customers a duty to exercise ordinary care. Winn-Dixie Stores, Inc. v. Parker, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990). As such, a store owner is required to keep its premises in a reasonably safe condition and to correct or warn of dangerous conditions of which it knows or should know. Id. (citing Colonial Stores v. Pully, 203 Va. 535, 125 S.E.2d 188 (1962)). To succeed on her negligence claim, the Plaintiff must prove: (1) that a dangerous condition existed in Home Depot's parking lot; (2) that the alleged

dangerous condition proximately caused her fall; and (3) that Home Depot had actual or constructive knowledge of that dangerous condition. Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 451–52 (4th Cir 2004); Marchant v. Boddie-Noell Enters., 344 F. Supp.2d 495, 496 (W.D. Va. 2004). Here, the Plaintiff cannot establish a *prima facie* case of negligence because she cannot establish any of these elements.

### A. Plaintiff cannot prove the existence of any dangerous condition because she cannot identify what caused her to fall.

To succeed on a case of negligence, the Plaintiff must first prove that a dangerous condition existed in Home Depot's parking lot. Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 453 (4th Cir. 2004) (noting that a Plaintiff must identify evidence regarding "the *specific* unsafe condition that injured *her.*"); Marchant, 344 F. Supp. 2d 495 at 496; Cerquera v. Supervalue, Inc., 715 F. Supp. 2d 682, 685 (E.D. Va. 2010). If the Plaintiff cannot identify the dangerous condition which injured her, her negligence claim must fail. See id.

For example, in Cerquera, a plaintiff entered a Shoppers Food & Pharmacy ("SFW") store wither her husband. 715 F. Supp. 2d at 683. The plaintiff entered the sugar aisle of the store, picked up a bag of sugar, and turned around to show her husband. Id. As she turned, she fell and sustained injures. Id. Throughout litigation, the plaintiff was unsure what specifically had caused her to fall. Id. She had not seen anything on the floor prior to her fall. Id. After she had fallen, she found sugar on the floor and a piece of a stick "like a sugar or a candy stick." Id. Nevertheless, she was not sure whether the sugar, or the stick, or either had actually caused her to fall. Id. The District Court for the Eastern District of Virginia noted that plaintiff had "testified under oath that she [did] not know what caused her to fall." Id. at 687. Therefore, "plaintiff's allegations about what caused her fall are based on speculation." Id. As the plaintiff could not

identify the supposed dangerous condition which had caused her to fall, the Court granted the defendant's motion for summary judgement, and dismissed the plaintiff's claim. Id.

    Just as in Cerquera, the Plaintiff here has testified under oath that she does not know what caused her to fall. See 715 F. Supp. 2d at 683, 687; Sollod Dep. 39:21–40:15, 47:4–15 (Exh. B).[2] Just as in Cequera, the Plaintiff cannot identify any specific hazard which caused her fall. See 715 F. Supp. 2d at 683, 687; Sollod Dep. 39:21–40:15, 47:4–15 (Exh. B).[3] And just as in Cequera, the Plaintiff's allegations about what caused her fall are purely speculative. See 715 F. Supp. 2d at 683, 687; Sollod Dep. 47:4–15 (Exh. B). Indeed, the Plaintiff cannot point to any

---

[2] "**Q.**    After you fell, did you observe the area that you fell?

**A.**    I was too stunned.

**Q.**    So you didn't actually see what caused you to fall?

**A.**    Well, you can feel it.

**Q.**    So you felt something catch you on your walker?

**A.**    Yes. Yes.

**Q.**    But you didn't see what it was?

**A.**    No."

Sollod Dep. 40:4–13 (Exh. B).

[3] "**Q.**    Did you ever show anyone at Home Depot what caused you to fall?

**A.**    No.

**Q.**    And my understanding, based on what you're telling me, is that you're not exactly sure what caused you to fall?

**A.**    I know that something had caught my —

**Q.**    —walker?

**A.**    —walker wheel.

**Q.**    But you to [sic] not know what that was ?

**A.**    It had to be the walker wheel. There was nothing else there."

Sollod Dep. 47:4–15 (Exh. B).

particular allegedly hazardous condition as the source of her fall.  Sollod Dep. 40:4–13 (Exh. B).

In stark contrast to <u>Cequera</u>—wherein the Plaintiff was at least able to identify two potentially

hazardous conditions (sugar and a leftover candy stick), which might have caused her fall—the

Plaintiff in this case has been unable to identify *any* specific crack, uneven surface, or parking lot

defect which contributed to her fall. Sollod Dep. 39:21–40:15, 40:4–13 (Exh. B).

Further still, all of the available evidence indicates that there was no hazard in Home

Depot's parking lot. An hour and a half before the Plaintiff's fall, Home Depot employees had

conducted an inspection of the parking lot and had found no potholes, tripping hazards, or any

other hazardous conditions. <u>See</u> Jones Dep. 35:1–37:25 (Exh. C). Immediately after the

Plaintiff's fall, two separate Home Depot employees inspected the asphalt around all of the

handicapped parking spaces and did not find any hazardous conditions. Jones Dep. 49:8–50:14

(Exh. C). In other words, Home Depot conducted at least three inspections of the asphalt on July

17, 2015, and none revealed any hazardous defect. <u>See</u> Jones Dep. 35:1–37:25, 49:8–50:14 (Exh.

C). Even the Plaintiff herself could not find any hazardous condition in the parking lot. <u>See</u>

Sollod Dep. 40:4–13 (Exh. B). Moreover, neither photographs of the area where the Plaintiff fell,

taken on October 20, 2015 nor the photographs provided by Plaintiff's counsel  show any uneven

pavement or tripping hazards. <u>See</u> Photographs dated October 20, 2015 (Exh. E); Photograph

taken by Plaintiff's Counsel a few days after the accident (Exh. F).[4]

The only evidence the Plaintiff asserts to prove the existence of a dangerous condition is

the mere fact that she fell; however, under Virginia law, "the mere happening of an accident,

without more, is not proof of negligence." <u>Griffin v. Wal-Mart Stores, Inc.</u> 1995 U.S. Dist.

LEXIS 6507 at *9 (E. D. Va. 1995) (citing <u>Winn-Dixie Stores, Inc. v. Parker</u>, 240 Va. 180, 396

---

[4] Plaintiff alleges that she fell in the "narrow area marked with white diagonal stripes." Plaintiff's Answer to
Interrogatory No. 17, attached hereto as **Exhibit G**; Sollod Dep. 45:23–46:4 (Exh. B).

S.E.2d 649 (1990)). As the Plaintiff cannot marshal any evidence to show the existence of a dangerous condition in Home Depot's parking lot, her lawsuit must fail as a matter of law. Id.; Marchant, 344 F. Supp. 2d 495 at 496; Cequera, 715 F. Supp. 2d at 685.

### B. There is no evidence that the unidentified hazardous condition proximately caused the Plaintiff's fall.

To succeed on her case of negligence the Plaintiff must show "that the defendant's negligence was the proximate cause of the plaintiff's damages." Marchant, 344 F. Supp. 2d at 497. Usually, proximate cause is a question of fact for the jury, but this Court "may resolve the question as a matter of law when reasonable persons could not differ as to its existence or absence." Id. (quoting McCauley v. Purdue Pharma L.P., 331 F. Supp. 2d 449, 461 (W.D. Va. 2004)).

At the summary judgement stage, a plaintiff is required to show sufficient facts as to "*why* and *how* the incident happened." Id. at 497. ("If the cause of the event is left to conjecture, guess, or random judgement, the plaintiff cannot recover.")(quoting Hodge, 360 F.3d at 451). Simply put, if the Plaintiff cannot identify *what* caused her to fall, she cannot prove that *Home Depot* caused her to fall. Id. "[A] plaintiff cannot recover if the proof makes it equally possible that the injury derived from a cause for which the defendant was not responsible." Zowaski v. Speedway, LLC, 185 F. Supp.3d 881, 888–89 (W.D. Va. May 10, 2016).

By way of example, Marchant v. Boddie-Noell Enters. bears an incredible similarity to the present case. 344 F. Supp. 2d at 495.  In Marchant, the plaintiff, Alvin Marchant, visited a Hardee's restaurant owned by the defendant. Id. at 496. As Marchant was leaving the restaurant, he walked out onto the sidewalk, using a walker to help him move. Id. While he was walking, Marchant's "right foot hit something," which caused him to trip, fall, and black out. Id. Marchant did not see what caused him to fall. Id. Several days later, Marchant returned to the Hardee's

sidewalk. Id. On this second visit, Marchant observed that several paving tiles were missing from the sidewalk. Id. After observing these alleged defects, Marchant filed a lawsuit against the defendant for negligence under a premises liability theory. Id.  The defendant filed a Motion for Summary Judgement arguing that Marchant had failed to establish a *prima facie* case of negligence, because he had failed to establish that his fall was caused by the missing paving tiles. Id.

On these facts, the District Court of Virginia held that Marchant had "failed to create a genuine issue of material fact as to whether the defects in the sidewalk had proximately caused his injuries." Id. at 497. Specifically, there was no proof that Marchant had actually tripped over the missing paving tiles in the defendant's sidewalk. Id. Indeed, "[n]o one actually saw what caused the plaintiff to fall." Id. The only proof Marchant could offer was his own vague testimony that his foot had "hit something." Id. Furthermore, the Court pointed out that Marchant had "several health problems that could have contributed to his fall," including double vision and a history of prior falls. Id. Indeed, the Court noted that the Plaintiff's medical conditions could have caused him to stumble or could have prevented him from "noticing that he was too close to the curb," which easily could have contributed to the accident. Id. Considering all this, the Court explained that it was just as likely that Marchant had stumbled over one of the legs of his walker as it was that he had tripped over a defect in the sidewalk. Id.  Specifically the Court noted:

> "While it is possible that Marchant tripped over the alleged sidewalk defects, the plaintiff has presented no evidence to show that the alleged defects were the probable cause. It remains a mere possibility, as do the alternate theories that Marchant blacked out, stumbled, tripped over one of the legs of his walker, or caught his foot on the curb."

Id. at 498–99. As such, the Court held that Marchant could not connect his fall to any of the alleged sidewalk defects, as a matter of law. Id. It therefore granted the defendant's Motion for Summary Judgement. Id.

The facts of Marchant are nearly identical to those of the present case. Just as in Marchant, no one—including the Plaintiff herself—saw what caused her to fall. Id. at 497. Sollod Dep. Dep. 40:4–13, 47:4–15 (Exh. B). Additionally, just as in Marchant, the only proof the Plaintiff offers to show that her fall was caused by a defect in the parking lot, is her own vague testimony that "something" caught her walker wheel. 344 F. Supp. 2d at 497; Sollod Dep. Dep. 40:4–13, 47:4–15 (Exh. B). However, the Plaintiff's claim here is even more inadequate than the Marchant's vague testimony that his foot had "hit something." 344 F. Supp. 2d at 497. In the present case, the Plaintiff cannot remember if she fell while she was moving, or if she stopped moving and then fell. Sollod Dep. 39:17–20 (Exh. B). If the Plaintiff had stopped moving and *then* fell, her accident could not have been caused by her walker wheel getting "caught" on "something," because the Plaintiff's walker would not have been moving at all. See Sollod Dep. 39:17–20 (Exh. B). Therefore, not only is the Plaintiff unable to identify any particular defect which caused her fall, the Plaintiff cannot even be sure that she tripped over any defect at all. Sollod Dep. 40:1–13 (Exh. B); Marchant, 344 F. Supp. 2d at 497.

Further still, the Plaintiff here, much like Marchant, had several pre-existing medical conditions, including: macular degeneration (much like in Marchant, a visual disturbance), balance issues, and lower extremity weakness. See Report of Dr. Ward, pg. 4 (Exh. A); 344 F. Supp. 2d at 497. Indeed just as Marchant's visual disturbances could have caused him to stumble, the Plaintiff's macular degeneration, balance issues, and extremity weakness "could have contributed to [her] fall." 344 F. Supp. 2d at 497.

Finally, just as in <u>Marchant</u>, there is no fact in the present case which connects the Plaintiff's fall to the unidentified, but allegedly dangerous condition in Home Depot's parking lot. 344 F. Supp. 2d at 497; Sollod Dep. Dep. 39:17–20, 40:4–13, 47:4–15 (Exh. B). As the Court explained in <u>Marchant</u>, "[w]hile it is possible that [Plaintiff] tripped over the alleged [parking lot] defects, the plaintiff has presented no evidence to show the alleged defects were the probable cause." 344 F. Supp. 2d at 498. It is just as likely that the Plaintiff's fall was caused by her own balance issues or a problem with her walker wheel, as it is that her fall was caused by a defect in Home Depot's parking lot.[5] <u>Marchant</u>, 344 F. Supp. 2d at 497; Sollod Dep. Dep. 40:4–13, 47:4–15 (Exh. B) As such, the Plaintiff is unable to allege sufficient facts to establish proximate cause and her claim must fail under Virginia law. <u>Marchant</u>, 344 F. Supp. 2d at 497; <u>Zowaski</u>, 185 F. Supp. 3d at 889 (granting defendant's motion for summary judgment and noting that "[i]t is therefore equally possible that the cause of his slip and fall was not Defendant's doing, so proximate cause fails under Virginia law.").

### C. There is no evidence that Home Depot had any constructive knowledge of the unidentified hazardous condition.

Even assuming, *arguendo,* that the Plaintiff has alleged sufficient facts to show the existence of a specific hazardous condition and that this specific hazard proximately caused her fall, the Plaintiff's case would still fail as a matter of law. The Plaintiff is unable to prove that

---

[5] Realistically, it is much more likely that the Plaintiff's fall was caused by her own balance issues or a problem with her walker wheel than by some unknown, dubious, and speculative, "defect in the surface of the parking lot," which no one has been able to identify. Compl. ¶ 10 (Dkt. 1-1); Sollod Dep. 40:4–13, 47:4–15 (Exh. B). Indeed, Plaintiff herself suggested under oath that the primary cause of the accident was a problem with her walker wheel. <u>See</u> Sollod Dep. 47:4–15(Exh. B) (explaining that "there was nothing else there"). Even if this Court were to assume that Plaintiff's walker wheel did catch on something, it is just as likely that the wheel caught on a piece of debris left by a customer mere moments before Plaintiff's fall as it is that the wheel caught on some sort of defect in the parking lot. The Plaintiff cannot be allowed to present claims of an unsubstantiated phantom "defect" to a jury when her fall can be much more easily attributed to a mundane balance problem and an imperfect walker wheel. "[A] plaintiff cannot recover if the proof makes it equally possible that the injury derived from a cause for which the defendant was not responsible." <u>Zowaski</u>, 185 F. Supp. 3d at 888–89.

Home Depot had any actual or constructive notice of the dangerous condition. <u>Hodge v. Wal-Mart Stores</u>, 360 F.3d 446, 453 (4th Cir. 2004).

To succeed on her negligence claim, the Plaintiff must prove that Home Depot had either actual or constructive knowledge of a dangerous condition. <u>Hodge</u>, 360 F.3d at 451–52. However, there is no evidence that Home Depot had actual knowledge of any dangerous condition in the area of the parking lot where the Plaintiff fell. Jones Dep. 35:1–37:25 (Exh. C); <u>Hodge</u>, 360 F.3d 446, 453 (explaining that, to prove actual notice, the plaintiff must prove that the defendant had "actual notice of a specific unsafe condition" prior to the accident); <u>Jones v. JC Penny Corp</u>, 2013 U.S. Dist. LEXIS 23339 at *13–14 (W.D. Va. 2013) (explaining a defendant who was aware that there were slippery spots "all over the store," could not be charged with actual knowledge, unless it was aware of the *specific* hazardous condition which caused the plaintiff to fall). As such, the Plaintiff can only succeed on her premise liability claim if she can prove that Home Depot had constructive knowledge of the dangerous condition which caused her injuries. <u>Id.</u>

> **1. The Plaintiff cannot establish that Home Depot had constructive notice of a dangerous condition, because she cannot identify how long the alleged parking lot defect existed prior to her fall.**

In Virginia, constructive knowledge of a dangerous condition can only be proven if the Plaintiff can provide evidence establishing <u>when</u> a defect occurred on the premises. <u>Grim v. Rahe, Inc.</u>, 246 Va. 239, 242, 434 S.E.2d 888, 889–890 (1993); <u>Colonial Stores Inc. v. Pulley</u>, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962). The rule is straightforward: "if the evidence fails to show <u>when</u> a defect occurred on the premises, the plaintiff has not made out a *prima facie* case." <u>Id.</u> (citing <u>Winn-Dixie Stores</u>, 240 Va. at 184, 396 S.E.2d at 651); <u>see also</u> <u>Jefferson v. Kroger, L.P. I.</u>, 2014 U.S. Dist. LEXIS 155463 at *16 (E.D. Va. 2014) (granting

defendant's motion for summary judgment when there was "no evidentiary basis from which to conclude when the alleged dangerous condition arose."); Smith v. K-Mart Corp, 2017 U.S. Dist. LEXIS 14613 at *6 (W.D. Va. February 2, 2017) ("Here, [plaintiff] has produced no evidence as to when or how long the substance had been on the floor. Without any such evidence [plaintiff's] claim must fail.")

If a plaintiff cannot establish how long the specific hazard which caused her injury had existed prior to her fall, she simply cannot recover. Shipp v. Boddie-Noell Enters., Inc., 2007 U.S. Dist. LEXIS 27138 (W.D. 2007). For example, in Shipp a plaintiff tripped and fell while walking in a Hardee's asphalt parking lot. Id. at *2–3. After falling, the Plaintiff inspected the area of the parking lot where she had fallen and found a "rut" or "dip" in the asphalt. Id. at *3. This "rut" was at least 1¾–2 inches deep, and approximately 6–7 inches wide. Id. She filed a lawsuit against the owner of the Hardee's restaurant and claimed that this "rut" was a dangerous condition which had caused her to fall. Id. The defendant filed a Motion for Summary Judgement, arguing that the Plaintiff could not prove that the defendant had had actual or constructive knowledge of this "rut" in the asphalt. Id.

The Court explained that the plaintiff had failed to produce any facts showing when this supposed dip in the asphalt had been created. Id. at *10. There was no evidence that any Hardee's employees noticed a defect or had been informed of such a defect by other customers. Id. As such, the Court held that the plaintiff could not establish constructive notice of dangerous condition, as a matter of law.

Just as in Shipp, in the present case, the Plaintiff cannot provide any evidence to establish when a dangerous condition arose in Home Depot's parking lot. Id. 2007 U.S. Dist. LEXIS 27138 at *10. Indeed, just as in Shipp, there is no evidence that Home Depot employees noted

any defect in the parking lot prior to the Plaintiff's accident. Id.; Jones Dep. 35:1–37:25, 46:21–14 (Exh. C).[6] There is no evidence that that Home Depot had been notified of any defect in their parking lot by other customers. Shipp, 2007 U.S. Dist. LEXIS 27138 at *9; Jones Dep. 17:15–18:1 , 46:21–14 (Exh. C).[7] Indeed the Plaintiff has "failed to adduce any facts indicating that anyone knew of the existence of the alleged defect prior to the accident." 2007 U.S. Dist. LEXIS 27138 at *9; see also Jones, 2013 U.S. Dist. LEXIS 2339 at *17 (explaining that a plaintiff could

---

[6] "**Q.**   Really quick: You were asked by opposing counsel here, as to whether or not you performed a thorough search the packing lot [sic] every day, and you said—does anyone perform a thorough inspection of the lot every day?

**A.**   The lot associates.

**Q.**   What are they specifically looking for?

**A.**   They're looking out for trash, debris, safety issue—like I said, hazardous materials people drop off. . . .

**Q.**   Do they check for cracks in the asphalt?

**A.**   Yes they do.

**Q**.   Do they check for uneven surfaces of the asphalt?

**A.**   Yes they do.

**Q.**   And they do that every single day?

**A.**   Every single day.

**Q.**   After they are done doing that daily inspection, do they mark that in the daily checklist?

**A.**   Yes.

Jones Dep. 46:21–46:17 (Exh. C).

[7] "**Q.**   In your time as a Store Manager, has anybody ever reported anything to you about cracks or potholes in the surface of the lot?

**A.**   Not in the customer parking area. . . .

**Q.**   So neither — no Home Depot employee, nor any customer, has ever come forward to you, personally anyway, and said 'There's an uneven patch of pavement in your lot'?

**A.**   No, Sir."

Jones Dep. 17:15–18:1 (Exh. C).

not recover for slipping on a wet floor unless she could offer evidence showing "how long water had been on the tile floor before she slipped.").

Like the plaintiff in <u>Shipp</u>, the Plaintiff here has failed to present any evidence showing <u>how long</u> the alleged defect existed prior to the accident; as such, "[i]t would be speculative for a jury to conclude that the alleged [parking lot defect] existed for such a length of time that the defendant should have discovered it in the exercise of ordinary care." 2007 U.S. Dist. LEXIS 27138 at *10–11. As such, the Plaintiff cannot establish that Home Depot had actual or constructive notice of any dangerous defect on its premises. <u>Id.</u> Summary Judgement is therefore appropriate. <u>Id.</u>; <u>see also</u> <u>Logan v. Boddie-Noell Enters.</u>, 2012 U.S. Dist. LEXIS 5645 at *4–6 (W.D. Va. 2012) (explaining that plaintiffs could not survive summary judgement because "she had failed to put forth any evidence as to <u>when</u>" the allegedly hazardous condition arose) (emphasis added).

### 2. The Plaintiff cannot establish that Home Depot had constructive notice of a dangerous conditions, because she cannot identify the *specific* dangerous condition which injured *her*.

Home Depot anticipates that the Plaintiff will argue that the surface of the parking lot had cracks which could have contributed to her accident, and that Home Depot was generally aware of these cracks. Answer to Plaintiff's Interrogatory No. 19 (Exh. G).[8] Assuming *arguendo* that there were cracks in the Home Depot parking lot, that the Plaintiff is able to prove that these cracks were the proximate cause of her accident, and that Home Depot knew about these cracks, the Plaintiff would still be unable to establish constructive notice as a matter of law. <u>Hodge</u>, 360

---

[8] In her answers to Interrogatories, Plaintiff stated that "the surface of the parking lot was covered with wide cracks," which she claims caused her accident. Plaintiff's Interrogatory No. 19 (Exh. G). Plaintiff offers no measurements as to the length, width, or depth of these cracks. <u>Id.</u> Plaintiff does not identify any particular crack which she claims caused her accident. <u>Id.</u> Moreover, at her deposition, the Plaintiff admitted that she did not see what caused her to fall. Sollod Dep. 40:4–13, 45:23–46:4 (Exh. B). As such, any contention that the Plaintiff's fall was caused by some crack in the asphalt is pure speculation. <u>Cerquira</u>, 715 F. Supp. 2d at 685 (noting that, when the plaintiff did not see what had caused her fall, "the plaintiff's allegations about what caused her fall are based on speculation").

F.3d at 454; Jones, 2013 U.S. Dist. LEXIS 23339 at \*3–4; Logan, 2012 U.S. Dist. 5345 at \*20–21.

Even if Home Depot knew that its parking lot generally contained potentially dangerous cracks, this knowledge alone is insufficient to prove constructive notice of the <u>particular</u> hazardous condition which caused the Plaintiff's injury. <u>Hodge</u>, 360 F.3d at 454 (noting that evidence as to a general possibility of danger is insufficient to establish constructive notice—a plaintiff must prove notice of "the <u>specific</u> unsafe condition that injured <u>her</u>").

For example, in <u>Jones v. JC Penny Corp</u>, a plaintiff fell inside a JC Penny on a rainy day, and claimed that rain water had accumulated throughout the store. 2013 U.S. Dist. LEXIS 23339 at \*3–4. A JC Penny employee had admitted that other customers had been falling "all over the store" that day, although not in the area where the plaintiff had fallen. <u>Id.</u> The Court explained that, "even if [d]efendants had actual notice of dangerous conditions elsewhere in the store, this alone does not give them notice of the specific condition that caused the [p]laintiff to fall." <u>Id.</u> at \*12 (citing <u>Abbott v. Kroger Co.</u>, 20 F. App'x 201 (4th Cir. 2001)). As the plaintiff was unable to provide any evidence as to when the <u>specific</u> dangerous condition which had injured <u>her</u> arose, she was unable to establish constructive notice. <u>Id.</u> As such, summary judgment was granted in favor of the defendant. <u>Id.</u>

Just as in <u>Jones</u>, the Plaintiff here cannot establish constructive notice by claiming that Home Depot was aware of cracks "all over" the parking lot.  2013 U.S. Dist. LEXIS 23339 at \*3–4. As <u>Jones</u> instructs, "even if Home Depot had actual notice of [cracks] elsewhere in the [parking lot], this alone does not give them notice of the <u>specific</u> condition that caused the

Plaintiff to fall."[9] <u>Id.</u> at *12 (emphasis added); <u>see also</u> <u>Logan</u>, 2012 U.S. Dist. 5345 at *20–21 (noting that a defendant's general knowledge that a danger may be foreseeable is insufficient to prove that the defendant had constructive notice of the "specific unsafe condition that injured [the plaintiff]"); <u>Adkison v. Frizzell</u>, 2012 U.S. Dist. LEXIS 11381 (W.D. Va. 2012) (explaining that the mere fact that a defendant landowner was generally aware of icy conditions was insufficient to establish constructive notice of "the specific unsafe condition that injured [the plaintiff").

The Plaintiff can provide no evidence to establish that Home Depot knew or should have known about the existence of any *specific* crack which caused her to fall. Sollod Dep. 40:4–13, 45:23–46:4 (Exh. B). As the Plaintiff cannot prove constructive notice, she cannot establish a *prima facie* case of premise liability and summary judgement is appropriate. <u>Hodge</u>, 360 F.3d at 454; <u>Logan</u>, 2012 U.S. Dist. LEXIS 5645 at *18; <u>Grim</u>, 246 Va. at 242, 434 S.E.2d at 889–890.

## CONCLUSION

As Plaintiff has failed to state a cause of action upon which relief can be granted, the Defendant's Motion for Summary Judgment should be granted, and the Plaintiff's lawsuit should be dismissed.

WHEREFORE, the defendant HOME DEPOT U.S.A. INC. by counsel, prays that this Court grant summary judgment in its favor.

---

[9] Moreover, as explained above, there is no evidence to suggest that the Plaintiff's fall was caused by a crack in the asphalt rather than a problem with the Plaintiff's walker. Sollod Dep. 40:4–13, 45:23–46:4 (Exh. B).

_____/s/_____
Brian A. Cafritz, VSB# 34366
Jessica G. Relyea, VSB# 76775
Chris Bergin, VSB#87315
KALBAUGH, PFUND & MESSERSMITH, P.C.
*Counsel for Home Depot U.S.A. Inc.*
901 Moorefield Park Drive, Suite 200
Richmond, VA 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com
Jessica.Relyea@kpmlaw.com
Chris.Bergin@kpmlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and accurate copy of the foregoing was electronically filed using the Court's CM/ECF system this 26th day of January, 2017, which automatically sent notice to:

Jonathan B. Breeding, Esq.
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd., Suite 600
Falls Church, VA 22042
*Counsel for Plaintiff*

                                               /s/
                                 Brian A. Cafritz, VSB# 34366
                                 Jessica G. Relyea, VSB# 76775
                                 Chris Bergin, VSB#87315
                                 *Counsel for Home Depot U.S.A. Inc.*
                                 KALBAUGH, PFUND & MESSERSMITH, P.C.
                                 901 Moorefield Park Drive, Suite 200
                                 Richmond, Virginia 23236
                                 (804) 320-6300 / (804) 320-6312 (fax)
                                 Brian.Cafritz@kpmlaw.com
                                 Jessica.Relyea@kpmlaw.com
                                 Chris.Bergin@kpmlaw.com